```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-22359-CIV-LENARD
                              MAGISTRATE P. A. WHITE
KELLEY MALA,                  :

        Plaintiff,            :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
CLAY MITCHELL, et al,         :

        Defendants.           :
_____
```

## I. Introduction

The pro-se plaintiff, Kelley Mala, filed a civil rights complaint pursuant to Bivens v Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), while confined in the Miami Federal Correctional Institution ("FCI").(De#1) The plaintiff alleges that officers threatened him and retaliated against him for filing grievances. The plaintiff seeks monetary damages. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

   Sec. 1915 Proceedings in Forma Pauperis

                    *   *   *

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    \* \* \*
>
>    (B) the action or appeal –
>
>    \* \* \*
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the

same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.

B.   <u>Statement of Facts</u>

The plaintiff alleges that he suffers from chronic illnesses, with a history of mental problems. He claims that Officer Mitchell verbally threatened him on August 13, 2009, because of his administrative filings. Mitchell threatened to make constant cell searches, and confiscate the plaintiff's legal documents if he didn't take back the administrative grievances filed against Mitchell and his staff.

Mala claims that after he reported Mitchell, the defendant began a campaign of retaliation against him. He assigned him yard duty, exposing him to the sun, knowing that Mala has a skin disorder resulting from sustaining burns over 80 per cent of his body in a boating explosion. When he complained, he was reassigned to A.M. Food Service detail, causing him to rise at 4:OO a.m. Mala complained, stating that this work detail interfered with a medication he was given at night to help him sleep. Mitchell however stated this medication should not affect his assigned morning work detail. Also in retaliation, Mala's cell was searched and his legal

materials confiscated by Mitchell under the guise of a fire drill.

Mala claims he personally talked to Warden Atkinson, putting him on notice of Mitchell's unethical conduct. Atkinson informed him an investigation would be conducted, but that Mala would not be privy to the outcome.

He alleges that Defendant Lappin failed to respond to Mala's BP-11 after being put on notice of the claims, and that he received no response from Eric Holder, at the Attorney General's Office.

The plaintiff is seeking to obtain monetary damages from the defendants for emotional distress.

C.  Proper Defendants

The plaintiff names Officer Clay Mitchell, employed at FCI Miami, R. Holt, employed by the Bureau of Prisons in Atlanta, Georgia, Harley Lappin, employed by the Bureau Of Prisons in Washington, along with Eric Holder, United States Attorney General, the U.S. Department of Federal Prisons and the U. S. Marshal's Service as defendants.

The U.S. Department of Federal Prisons and the U.S. Marshal's Service are not proper parties in a Bivens civil rights action and, accordingly, should be dismissed as a party to this action.  Only individuals can be sued under Bivens.  A suit for damages against the United States and its agencies based on the Constitution is not contemplated by Bivens and its progeny.  The Constitution does not waive the Government's sovereign immunity in a suit for damages;

therefore, Bivens implies a cause of action only against federal officials. See FDIC v. Meyer, 510 U.S. 471, 485-86 (1994) (stating the proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers).

Eric Holder, the United States Attorney General, Harley Lappin, and R. Holt were named for their failure to respond to the plaintiff's grievances, and to take some type of action. Failure to respond to, or a denial of grievances, in and of itself, does not rise to a constitutional level so as to constitute a denial of due process. This is because the Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of state inmates, the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D.Del. 1995); Brown v. Dodson, supra at 285. Thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the pri-soner's right to petition the government for redress is the right

of access to the courts, which is not compromised by an administrative refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.  Here, the plaintiff has had access to the courts.

The plaintiff claims that Warden Atkinson was put on notice regarding Mitchell's harassment and retaliation. He states that the Warden informed him an investigation would be undertaken, but that he would not be informed of the results. It does not appear that Atkinson failed to take the steps he was responsible for taking as the Warden. Mala fails to demonstrate a constitutional right violated by Warden Atkinson, Holder or Lappin.

Claims against Officer Mitchell

The plaintiff initially alleges that Mitchell made verbal threats against him. Verbal harassment does not state a claim for relief under §1983.  See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9 Cir. 1982)(federal court cannot order guards to refrain from using racial slurs to harass prisoners); Burton v. Livingston, 791 F.2d 97, 101 n. 1 (8 Cir. 1986)(use of racial slurs in prison does not offend Constitution); McFadden v. Lucas, 713 F.2d 143, 146 (5 Cir.), cert. denied, 464 U.S. 998 (1983) (threatening language and gestures).  There are, however, recognized exceptions to the general rule, under which the conduct may rise to the level of a constitutional deprivation: for example, when verbal threats are accompanied by physical force or the present ability to effectuate the threat, Harris v. Lord, 957 F.Supp. 471, 475 (S.D.N.Y. 1997); Jermosen v. Coughlin, 878 F.Supp. 444, 449 (N.D.N.Y. 1995), or the person to whom the verbal abuse is directed is terrorized by threats accompanied by racial slurs, Hopson v. Frederickson, 961 F.2d 1374,

7

1378-79 (8 Cir. 1992); Burton v. Livingston, 791 F.2d 97 (8 Cir. 1986).

Further, claims of verbal taunts are foreclosed by the provisions of 42 U.S.C. §1997e(e), which prohibit prisoners from bringing civil rights actions based on mental or emotional injury without a prior showing of physical injury.

Secondly, the plaintiff alleges that Mitchell retaliated against him for filing grievances by having his cell searched, confiscating his legal property and assigning him to work assignments that he claims he was not physically capable of performing.

To establish a claim for retaliation, the plaintiff must demonstrate that a specific constitutional right was violated, and that the defendant intended to retaliate against him for exercising that right. Brewer v Simental, 268 SW 3d 763 (2008); Farrow v West, 320 F.3d 1235, 1248 (11 Cir. 2003) (prisoner must demonstrate a causal connection between his protected conduct and prison officials action). The plaintiff has stated a claim for retaliation.

As stated above, the plaintiff has alleged no physical injuries, and as a result, is entitled to nominal damages only. 42 U.S.C. §1997e(e).

### III. Recommendations

1. The plaintiff's claims against Holt, Lappin, Holder, U.S. Dept of Federal Prisons and U.S. Marshal Service are

dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The claim of retaliation against Mitchell shall continue and service shall be ordered by separate order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 14th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Kelley Mala, Pro Se
     FCI-Miami
     Address of record

9