UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22359-CIV-LENARD
MAGISTRATE P. A. WHITE

KELLEY MALA,                       :

        Plaintiff,                 :

v.                                 :          REPORT OF
                                          MAGISTRATE JUDGE
CLAY MITCHELL, et al,              :          (DE#24)

        Defendants.                :
_____

## I.  Introduction

The pro-se plaintiff, Kelley Mala, filed a civil rights complaint pursuant to Bivens v Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),  while confined in the Miami Federal Correctional Institution ("FCI")(De#1).[1] The plaintiff alleged that officers threatened him and retaliated against him for filing grievances. The plaintiff seeks monetary damages. The plaintiff is proceeding  in forma pauperis.

This Cause is before the Court upon Defendant Mitchell's Motion to Dismiss (DE#24).

## II.  Analysis

### A.  Applicable Law for Screening

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the

---

[1]The plaintiff has since been transferred to St. Thomas.

plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff fails to plead facts that state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

    B. History of this case

    A Preliminary Report was entered in this case. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c);  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997).

    The facts, as provided in the Preliminary Report, reveal that the plaintiff suffers from chronic illnesses, with a history of

2

mental problems. He claims that Officer Mitchell verbally threatened him on August 13, 2009, because of his administrative filings. Mitchell threatened to make constant cell searches, and confiscate the plaintiff's legal documents if he didn't take back the administrative grievances filed against Mitchell and his staff.

Mala claims that after he reported Mitchell, the defendant began a campaign of retaliation against him. He assigned him yard duty, exposing him to the sun, knowing that Mala has a skin disorder resulting from sustaining burns over 80 per cent of his body in a boating explosion. When he complained, he was reassigned to A.M. Food Service detail, causing him to rise at 4:OO a.m. Mala complained, stating that this work detail interfered with a medication he was given at night to help him sleep. Mitchell however stated this medication should not affect his assigned morning work detail. Also in retaliation, Mala's cell was searched and his legal materials confiscated by Mitchell under the guise of a fire drill. The plaintiff sought compensatory and punitive damages for emotional distress.

The Report recommended dismissal of all defendants, with the exception of Clay Mitchell, permitting the claim of retaliation to continue against this sole defendant. The Report and Recommendation was adopted on November 5, 2010 and the defendant was served.

C. <u>Defendant Mitchell's Motion to Dismiss</u>

Defendant Mitchell filed a motion to dismiss, correctly claiming that the plaintiff did not claim to suffer physical injuries in this case, and therefore he is precluded from

compensatory or punitive damages pursuant to 42 U.S.C. §1997(e). He contends that since the plaintiff failed to seek nominal damages, the complaint should be dismissed.

The Preliminary Report cautioned the plaintiff that since he failed to allege any physical injuries, he would be entitled to nominal damages only, pursuant to § 42 U.S.C. §1997e(e). The pro-se plaintiff did not file an amended complaint to include a request for nominal damages.

Case law supports the defendant's claim that the Court cannot liberally construe a complaint to seek nominal damages if the complaint seeks only compensatory and punitive damages. Qualls v Santa Rosa County Jail, 2010 WL 785646 (ND Fl 2010) (complaint was dismissed without prejudice for failure to request nominal damages); Holloway v Bizzaro, 571 F. Supp. 2nd 1270 (SD Fla 2008).

It is therefore recommended as follows:

1. The defendant's motion to dismiss (DE#24) be granted.

2. This complaint shall be dismissed, without prejudice, for failure to request nominal damages pursuant to 42 U.S.C. §1997e(e).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 26th day of April, 2011.

_____

UNITED STATES MAGISTRATE JUDGE

cc:   Kelley Mala, <u>Pro Se</u>
      Reg # 01995-094
      St. Thomas, VI
      Address of record

      Anthony Porgorzelski, AUSA
      Miami, FL
      Attorney of record